**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

APR 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL FLETCHER; CAROLE WOCKNER, | No. 19-55604 |
| Plaintiffs-Appellants, | D.C. No. 2:18-cv-08671-SVW-SK |
| v. | |
| DONALD L. JOHNSON, PC; JULIE BOYNTON, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted April 7, 2020[**]

Before:      TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Paul Fletcher and Carole Wockner appeal pro se from the district court's

judgment dismissing their diversity action arising out of defendants' legal

representation of them.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo a dismissal for lack of personal jurisdiction.  *CollegeSource, Inc. v.*

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). We affirm.

The district court properly dismissed plaintiffs' action because plaintiffs failed to allege facts sufficient to make a prima facie showing that the district court had personal jurisdiction over these defendants. *See id.* at 1074-80 (discussing requirements for general and specific personal jurisdiction); *Sher v. Johnson*, 911 F.2d 1357, 1363 (9th Cir. 1990) ("Out-of-state legal representation does not establish purposeful availment . . . where the law firm is solicited in its home state and takes no affirmative action to promote business within the forum state.").

Because plaintiffs failed to raise any argument below regarding venue, they have waived any challenge regarding the issue. *See Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 546 n.15 (9th Cir. 1991) ("It is well established that an appellate court will not reverse a district court on the basis of a theory that was not raised below.").

Defendants' motion to dismiss (Docket Entry No. 12) is denied. Plaintiffs' motion to strike (Docket Entry No. 25) is denied as unnecessary.

**AFFIRMED.**

19-55604